IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE ROWAN, #A0221576,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NURSE O'SULLIVAN, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 23-00174 DKW-RT<br><br>ORDER TO SHOW CAUSE |

　　　Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff George Rowan.[1] ECF No. 2. For the following reasons, Rowan is ORDERED to show good cause in writing on or before May 18, 2023 why he is entitled to proceed without prepayment of the full $402.00 filing and administrative fee.

　　　A prisoner may not bring a civil action in forma pauperis (IFP) under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

---

[1] Rowan is currently incarcerated at the Halawa Correctional Facility, a state prison. *See* ECF No. 1 at 1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number," enter "A0221576," and select "Search") (last visited Apr. 18, 2023).

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar him from qualifying for IFP status. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the Section 1915(g) issue but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and to allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120; *see also Pauline v.*

*Seabright*, No. Civ. No. 15-00074 LEK/RLP, 2015 WL 1499661, at *2 (D. Haw. Mar. 31, 2015) ("The district court may dismiss *sua sponte* an action that is barred by § 1915(g), after notifying the prisoner of the strikes it considers to support such a dismissal, and affording the prisoner an opportunity to be heard regarding his strikes before dismissal.").

While Rowan was a prisoner, the Court granted him in forma pauperis status in at least three actions that were ultimately dismissed because Rowan failed to state a claim upon which relief could be granted. *See Rowan v. Halawa Corr. Facility*, Civ. No. 14-00197 JMS-BMK, 2014 WL 2452528, at *2–3 (D. Haw. May 30, 2014); Order Dismissing First Amended Complaint and Action, *Rowan v. State of Hawaii*, Civ. No. 19-00040 LEK-KJM (D. Haw. July 5, 2019), ECF No. 11; *Rowan v. Dep't of Pub. Safety*, Civ. No. 19-00254 DKW-RT, 2019 WL 2453642, at *2–3 (D. Haw. June 12, 2019).

When these actions were dismissed, the Court notified Rowan that the dismissals may be counted as strikes. Rowan did not appeal the decisions in any of these actions, and he has, therefore, accrued three "strikes" under Section 1915(g). *See* Order to Show Cause, *Rowan v. Heick*, Civ. No. 22-00377 LEK-KJM (D. Haw. Sept. 22, 2022) (explaining that Rowan has accrued three strikes under 28 U.S.C. § 1915(g)); Entering Order, *Rowan v. O.C.C.C. Warden*, Civ. No. 20-00080 DKW-WRP (D. Haw. Mar. 18, 2020) (same), ECF No. 7; Entering Order,

3

*Rowan v. O.C.C.C. Warden*, Civ. No. 21-00151 DKW-RT (D. Haw. Apr. 22, 2021) (same), ECF No. 7.  As a result, Rowan may not proceed without concurrent payment of the civil filing fee in this action unless his pleading plausibly alleges that he was in imminent danger of serious physical injury based on the defendants' actions when he filed suit.

"[T]he availability of the ["imminent danger"] exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  The exception only applies "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055; *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015).  "Imminent" refers to those events "'ready to take place'" or "'hanging threateningly over one's head.'"  *Andrews*, 493 F.3d at 1056.  Thus, a prisoner seeking to fall within the exception must plausibly allege an "ongoing danger." *Id.*  "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Id.* at 1056–57; *Williams*, 775 F.3d at 1189.

The Ninth Circuit has also held that "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's

4

complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

In his Complaint, Rowan alleges that he received inadequate medical care after he arrived at the Oahu Community Correctional Center ("OCCC") in early September 2018.  ECF No. 1 at 5–10.  Rowan included similar claims in at least three previous actions.  *See* Amended Prisoner Civil Rights Complaint, *Rowan v. State of Hawaii*, Civ. No. 19-00040 LEK-KJM (D. Haw. May 22, 2019), ECF No. 9; Amended Civil Rights Complaint, *Rowan v. O.C.C.C. Warden*, Civ. No. 20-00080 DKW-WRP (D. Haw. Mar. 16, 2020), ECF No. 6; Amended Prisoner Civil Rights Complaint, Civ. No. 21-00151 DKW-RT (D. Haw. Apr. 19, 2021), ECF No. 5.  In dismissing Civ. No. 20-00080 DKW-WRP and Civ. No. 21-00151 DKW-RT, the Court explained to Rowan that he failed to plausibly allege that he was in imminent danger of serious physical injury when he brought those actions.  *See* Entering Order, Civ. No. 20-00080 (Mar. 18, 2020), ECF No. 7; Entering Order, Civ. No. 21-00151 DKW-RT (Apr. 22, 2021), ECF No. 7.  The same is true here.

Rowan again asserts claims based on events that allegedly occurred more than four years ago at the OCCC.  *See* ECF No. 1 at 5–10.  Rowan, however, is now incarcerated at the Halawa Correctional Facility, not OCCC.  Thus, Rowan has not plausibly alleged that he faced an *imminent* danger of serious physical injury when he filed suit.  Rowan is therefore ORDERED to show cause in writing why he is entitled to proceed without prepayment of the full $402.00 fee.

## CONCLUSION

Rowan is ORDERED to show cause in writing on or before May 18, 2023 why he is entitled to proceed without prepayment of the full $402.00 fee.  Failure to do so may result in dismissal of this action without further notice.

IT IS SO ORDERED.

DATED: April 18, 2023 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Rowan v. O'Sullivan*; Civil No. 23-00174 DKW-RT; **ORDER TO SHOW CAUSE**